**MONTEREY PUBLIC PARKING CORPORATION, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 71–1880.

United States Court of Appeals, Ninth Circuit.

June 28, 1973.

Richard Halberstein, Washington, D. C. (argued), Fred B. Ugast, Acting Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Meyer Rothwacks, Bennet N. Hollander, Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Kenneth A. Ehrman (argued), Monterey, Cal., for plaintiff-appellee.

Before HAMLIN and ELY, Circuit Judges, and KELLEHER,* District Judge.

KELLEHER, District Judge:

Appellant seeks reversal of the District Court's judgment, after trial, granting appellee a refund of income taxes for three prior years upon a finding that the appellee is exempt from federal income taxes under Int.Rev.Code of 1954, § 501 (c)(3) and (4)[1] as either a corporation organized and operated exclusively for charitable purposes, or as a civic league or an organization "not organized for profit but operated exclusively for the promotion of social welfare."

In substance, appellant contends that to the extent the trial court failed to examine separately the taxpayer's claims of exemption, the court erred in its application of the law to the facts because each section describes distinct entities entitled to exemption for distinctly different reasons. Appellant argues that: (1) Section 501(c)(3) "organized and operated exclusively for charitable purposes" means that the primary purpose of the corporation be of a charitable nature and that anything more than an insubstantial or an incidental non-charitable purpose dictates non-exemption; and (2) under Section 501(c)(4) "not organized for profit but operated exclusively for the promotion of social welfare" means that the taxpayer must be primarily engaged in promoting the common good and general welfare of the community and that,

* Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

1. Internal Revenue Code of 1954 (26 U.S.C.) :

Sec. 501. Exemption from tax on corporation, certain trusts, etc.

   *    *    *    *    *

(c) List of Exempt Organizations.— The following organizations are referred to in subsection (a) :

   *    *    *    *    *

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or education purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

(4) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes.

on the basis of the applicable regulation, Treas.Reg. § 1.501(c)(4)–1(ii), a taxpayer is not primarily operated for the promotion of the general welfare if its primary activity "is carrying on a business with the general public in a manner similar to organizations which are operated for profit." An application of these allegedly proper legal standards to the instant fact situation, appellant contends, demands the conclusion that the District Court's finding of exemption was clearly erroneous.

The trial court found that:

". . . the distinction between the two subsections of § 501 is more apparent than real. It is true that applicable regulations seem to allow the carrying on of a business for profit by a (c)(3) organization, while barring such operations for (c)(4) organizations. The Regulations are, of course, given considerable weight by the Courts. [Citation and footnote omitted] But the Regulations must be seen in light of applicable case law, which, in this area at least, has concentrated more on the philosophy behind § 501 as a whole, rather than on variations in the language thereof. [Citations omitted]

"Thus, if this Court were convinced that plaintiff's organizers, by giving themselves special advertising rights, or by restricting the validation stamp system to certain businesses, were in fact primarily interested in their own ends rather than in those of the public, exemption under *neither* (c)(4) nor (c)(3) would be possible. Similarly, the operation of a commercial enterprise not in furtherance of an exempt purpose would bar consideration under both subsections. [Footnote omitted] If they are not, the case law under both

subsections has made it clear that they will not destroy the exemption claimed. [Citations omitted]

"This Court cannot say that plaintiff corporation, organizationally or operationally, subserves, in any substantial way, private interests. There is no question that all but one of plaintiff's organizers were businessmen whose establishments would tend to suffer if the traffic problems of downtown Monterey were not soon resolved. . . . But this was a threat not only to plaintiffs, but to all the City of Monterey.

. . .

"The City of Monterey, therefore, was the primary beneficiary when plaintiff succeeded in constructing public parking facilities without any significant outlay of public funds. . . .

"Plaintiff's organizers were also undeniably benefitted. But this benefit is indistinguishable from that which inhered to the community as a whole." Monterey Public Parking Corp. v. United States, 321 F.Supp. 972, 975–976 (N.D.Cal.1970).

Although it may appear from the foregoing that the proper legal standards were erroneously applied to the facts because the District Court appears to state the rules conversely, it is clear, nonetheless, that each of appellant's contentions was separately and properly considered and specifically rejected.

The District Court made a quantitative comparison of the private versus the public benefits derived from the organization and operation of the plaintiff corporation. Thereby, it was determined that the "social welfare" and "charitable purpose" requirements of the two respective sections were adequately fulfilled. We cannot disagree.

Affirmed.