SENIOR CITIZENS STORES, INC., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 79–1368
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1979.

---

Pressley had been mentally competent at the time of his original plea.

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Dougal C. Pope, Houston, Tex., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Section, Helen A. Buckley, Aaron Rosenfeld, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Plaintiff appeals an adverse judgment in the district court in its suit for a refund of federal income taxes of $311.00 and interest thereon. 28 U.S.C.A. § 1346. Plaintiff maintains it was entitled to exemption from taxation as a corporation organized and operated exclusively for charitable purposes. 26 U.S.C.A. § 501(c)(3). The district court held, on stipulated facts and the deposition of a principal, that plaintiff's operations did not qualify for exemption. We affirm.

Section 501(c)(3) of the Internal Revenue Code provides tax exemption for corporations

> organized and operated exclusively for
> . . . charitable . . . purposes
> . . . no part of the net earnings of
> which inures to the benefit of any private
> shareholder or individual.

26 U.S.C.A. § 501(c)(3). A corporation is regarded as operating "exclusively" for charitable purposes

> only if it engages primarily in activities
> which accomplish [charitable] purposes
> . . . .. An organization will not be so
> regarded if more than an insubstantial
> part of its activities is not in furtherance
> of an exempt purpose.

Treas.Reg. § 1.501(c)(3)–1(c)(1). *See Harding Hospital, Inc. v. United States*, 505 F.2d 1068 (6th Cir. 1974). The corporation may operate a business as a substantial part of its activities as long as it does so in furtherance of the charitable purpose. Treas.Reg. § 1.501(c)(3)–1(e)(1). *See Metropolitan Detroit Area Hospital Services, Inc.*

*v. United States,* 445 F.Supp. 857 (E.D. Mich.1978); *Passaic United Hebrew Burial Association v. United States,* 216 F.Supp. 500 (D.N.J.1963).

■ It is the burden of the party claiming the exemption, of course, to prove entitlement to it. *St. Louis Union Trust Co. v. United States,* 374 F.2d 427, 432 (8th Cir. 1967); *American Institute for Economic Research v. United States,* 302 F.2d 934, 937, 157 Ct.Cl. 548 (1962), *cert. denied,* 372 U.S. 976, 83 S.Ct. 1109, 10 L.Ed.2d 141 (1963). A district court's factual finding that a taxpayer is not operated exclusively for charitable purposes cannot be disturbed on appeal unless clearly erroneous. Rule 52, Fed.R.Civ.P.; *Parker v. Commissioner,* 365 F.2d 792, 798 (8th Cir. 1966), *cert. denied,* 385 U.S. 1026, 87 S.Ct. 752, 17 L.Ed.2d 674 (1967).

Plaintiff, a Texas nonprofit corporation incorporated in 1969, is engaged in the business of selling used clothing, furniture, and household appliances to the general public. Its articles of incorporation state as its purposes: to provide training, jobs, places of recreation and living accommodations, and to improve the physical and mental conditions of aged or senior citizens. To do this the corporation is to receive funds and donations, solicit and collect items to repair, and operate stores to sell these items, employing as many aged or senior citizens as possible. The articles further provide that any excess funds of the corporation shall be used for promoting its charitable purposes and that in event of its dissolution, its assets shall be used for charitable purposes. Plaintiff has no stock or members. Its affairs are run by a board of directors. During fiscal 1974, the year in issue, the three directors were Max Swartz, his son Larry, and Saul Levinson.

■ The focus in deciding whether a corporation qualifies for tax exempt status is on the manner of operation of its business, not just whether it is organized under "not-for-profit" corporate statutes. *See Better Business Bureau v. United States,* 326 U.S. 279, 285 n. 3, 66 S.Ct. 112, 90 L.Ed. 67 (1945); *Veterans Foundation v. United States,* 281 F.2d 912, 913 (10th Cir. 1960).

The retail sales operation was conducted from three locations which were open from 8:00 a. m. to 4:30 p. m. weekdays. The merchandise sold was donated by the public in response to advertisements and telephone solicitations. Some items were refurbished before sale. During 1974, plaintiff had 13 employees, of whom Max Swartz, Larry Swartz, and Levinson worked full time. Levinson received no salary. The Swartzes each received $500 a month. Six employees were 55 or older, including Max's wife, who worked part-time, earning $300 a month. Plaintiff's three buildings were rented, two from Larry Swartz and one from another son of Max Swartz.

The Government did not contest the reasonableness of either the rent or the salaries received by the Swartzes.

■ Plaintiff reported a net income of $1,347 on sales of $84,416 for fiscal 1974 but claimed exemption from income taxation under 26 U.S.C.A. § 501(c)(3). The IRS disallowed the exemption and concluded that plaintiff owed $311.00 in taxes plus interest. Plaintiff paid the $311.00, and after the IRS denied its claim for refund, it filed the instant action.

Plaintiff maintains that its business was entirely devoted to aiding the elderly and that only by picking up the donated items, refurbishing them and selling them to the public, could it obtain money to do its charitable activities. The Government contends that the operation of plaintiff's second-hand stores made up the overwhelming part of its activities and that the running of the business was, for the most part, not in furtherance of its avowed aim of aiding the elderly.

Plaintiff submitted little evidence to support its claim that the retail sales operation had no substantial purpose other than aiding the elderly. Proceeds from the business were devoted almost entirely to its perpetuation. *See People's Educational Camp Society, Inc. v. Commissioner,* 331 F.2d 923, 931–932 (2d Cir.), *cert. denied,* 379 U.S. 839, 85 S.Ct. 75, 13 L.Ed.2d 45 (1964). Less than

half its employees were over the age of 55, and their training was restricted to the needs of plaintiff's business. Plaintiff conducted no training program beyond the training of employees for its own shops. It did not provide any housing facilities or health care. Ten percent or less of items donated to plaintiff were distributed directly to needy senior citizens. No complete records were kept of such distributions and plaintiff apparently conducted no advertising to let senior citizens know of the availability of such items. There is no evidence that senior citizens received a discount on purchases from plaintiff's stores.

Plaintiff maintained a recreation hall above one of its stores and employed a part-time director of recreational activities. The hall was open weekdays from 10:00 a. m. to 3:30 p. m. Dominoes, cards, a piano, and an organ were provided and special social activities were occasionally held for senior citizens. The director's regular duties included assisting senior citizens and others who asked for help. The only evidence of business proceeds devoted to such a purpose was the $160 monthly salary paid the woman who directed it.

The district court held that

the court is unable to conclude that the plaintiff operates a business devoted exclusively to charitable purposes. With all respect for the good motives of the Swartz family, it appears to the court that plaintiff's business is not distinguishable from that of many, typical family operated businesses in which the excess of income over expenses is paid to various family members as rents or salaries.

Since the evidence indicates that plaintiff's retail sales operation was an end in itself rather than merely a means of accomplishing a charitable goal, *see Santa Cruz Building Association v. United States,* 411 F.Supp. 871, 883 (E.D.Mo.1976), we cannot conclude that the district court was clearly erroneous in finding the business not devoted exclusively to charitable purposes.

AFFIRMED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part. I.