United States Court of Appeals,

Fifth Circuit.

No. 94-40389

Summary Calendar.

The NATIONALIST MOVEMENT, A Mississippi Non-Profit Corporation,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

Nov. 7, 1994.

Appeal from a Decision of the United States Tax Court.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Appellant, The Nationalist Movement, a Mississippi non-profit corporation, appeals from judgment entered by the United States Tax Court denying tax exempt status under I.R.C. § 501(c)(3). We affirm.

## I. FACTS

Appellant is a non-profit organization which promotes a "pro-majority" agenda, favoring democracy, majority-rule and American nationality. Appellant claims to conduct various social service programs for the poor and disadvantaged. These services allegedly consist of "counseling" services and First Amendment litigation. In addition, Appellant publishes pamphlets, brochures, studies, polls and a newspaper. Appellant claims tax exemption as a corporation organized primarily for charitable purposes and secondarily for educational purposes.

Appellant applied to the Internal Revenue Service (IRS or

Commissioner) for 501(c)(3) exemption in December 1987.  After some

discussion and correspondence between the parties, the IRS issued

a final adverse ruling stating,

> Your activities demonstrate that you are not operated
> exclusively for exempt charitable or educational purposes as
> required by section 501(c)(3).  Furthermore, you are operated
> in furtherance of a substantial nonexempt private purpose.

In 1991 Appellant filed a declaratory judgment action in the United

States Tax Court, appealing the Commissioner's decision.[1]

Appellant sought relief on various grounds including, *inter

alia,* that the Commissioner had erred in his determination that

Appellant is not operated exclusively for exempt charitable and

educational purposes and that certain IRS regulations were

unconstitutional on their face or as applied.[2]  During the course

of the Tax Court proceedings, Appellant filed a Motion to Compel

Discovery and a Motion Under Tax Court Rule 217 to supplement the

administrative record.  The Tax Court denied both motions because

---

[1]*See* I.R.C. § 7428(a).

[2]Specifically, Appellant challenges Rev.Proc. 86-43, 1986-2
C.B. 729 which sets out the "methodology test".  The IRS uses the
methodology test to determine "when advocacy of a particular
viewpoint or position by an organization is considered
educational within the meaning of section 501(c)(3) of the
Internal Revenue Code, and within the meaning of section
1.501(c)(3)-1(d)(3) of the Income Tax Regulations."  Rev.Proc.
86-43, 1986-2 C.B. 729 at § 1.

> The D.C. Circuit, in *Big Mama Rag, Inc. v. United
> States,* 631 F.2d 1030 (D.C.Cir.1980), found 26 C.F.R. §
> 1.501(c)(3)-1(d)(3) unconstitutionally vague.  Rev.Proc. 86-
> 43 attempts to reduce the vagueness in the application of §
> 1.501(c)(3)-1(d)(3).  The constitutionality of this test has
> not been decided by any circuit.  However, the D.C. Circuit
> discussed the test with approval in *National Alliance v.
> United States,* 710 F.2d 868 (D.C.Cir.1983).

its review was limited to the administrative record, and entered declaratory judgment for the Appellee.

Appellant appeals the holding of the Tax Court on several grounds. First, Appellant claims that the court erred in refusing to allow additional discovery and by refusing to allow supplementation of the administrative record. Second, Appellant claims that the court erred in finding that its legal and counseling services are not charitable. Finally, Appellant claims that certain revenue procedures, on their face or as applied, violate "due process and equal protection under the First, Fifth and Fourteenth Amendments." Because we find that the Tax Court correctly decided the first two issues, we need not address the constitutionality of the revenue procedures.

## II. DISCOVERY ISSUES

Tax Court Rule 217(a) provides that "[o]nly with the permission of the Court, upon good cause shown, will any party be permitted to introduce before the Court any evidence other than that presented before the Internal Revenue Service and contained in the administrative record as so defined." We review the decision of the Tax Court to exclude additional evidence under an abuse of discretion standard. *See Tamko Asphalt Prod., Inc. v. Commissioner,* 658 F.2d 735, 738-39 (10th Cir.1981).

Appellant attempted to supplement the administrative record by two methods. First, Appellant requested discovery from the IRS which it claimed would show disparate application of the Tax Code. Second, Appellant attempted to attach a "Brandeis Brief" in support

3

of its constitutional claims. Appellant's only arguments as to "good cause" center around its claims that the information was necessary to receive a "fair trial." The Tax Court denied both motions because Appellant failed to show good cause why the information could not have been submitted during the administrative process.

We find no abuse of discretion in the Tax Court's holding. The purpose of the declaratory judgment action under I.R.C. § 7428 is to review the Commissioner's decision. Section 7428 does not provide for a trial *de novo.* "To allow the party seeking [declaratory judgment] to freely bring new evidence before the Tax Court would amount to a bypass of the Service's administrative remedies since the Tax Court would be considering factual contentions the IRS had no opportunity to consider." *Tamko Asphalt Prod., Inc. v. Commissioner,* 658 F.2d at 739. The Appellant had the burden of establishing its entitlement to exemption during the administrative process. *See Senior Citizens Stores, Inc. v. United States,* 602 F.2d 711, 713 (5th Cir.1979). Failure to carry this burden may not be remedied by disregarding the statutory scheme established by Congress.

III. EXEMPTION ANALYSIS

*A. Standard of Review*

Title 26, section 7482(a)(1) provides that "The United States Courts of Appeals ... shall have exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions

4

tried without a jury...."  Thus, we review findings of fact for clear error and legal conclusions *de novo.  Estate of Clayton v. Commissioner,* 976 F.2d 1486, 1490 (5th Cir.1992).  Our review is limited to the record before the Tax Court, and new evidence may not be submitted on appeal.  *See Hintz v. Commissioner,* 712 F.2d 281, 286 (7th Cir.1983).  A finding that a corporation is not operated exclusively for charitable purposes cannot be disturbed unless clearly erroneous.  *Senior Citizens Stores v. United States,* 602 F.2d at 713.

*B. 501(c)(3) Exemption*

Section 501(c)(3) of the Internal Revenue Code provides tax exemption for:

> Corporations ... organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational activities ... no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.

To be declared exempt under this section, a corporation must be organized and operated *exclusively* for one or more exempt purposes. 26 C.F.R. § 1.501(c)(3)-1.  The treasury regulations set out two tests to determine whether an organization meets this criteria. *Id.*  A corporation must first satisfy the "organizational test." To satisfy the organizational test, the "articles of organization"[3]

---

[3]"[T]he term "articles of organization' or "articles' includes the trust instrument, the corporate charter, the articles of association, or any other written instrument by which

5

must:

>*(a)* Limit the purposes of such organization to one or more exempt purposes; and

>*(b)* Do not expressly empower the organization to engage, otherwise than as an insubstantial part of its activities, in activities which in themselves are not in furtherance of one or more exempt purposes.

26 C.F.R. § 1.501(c)(3)-1(b). There is no dispute in this instance that Appellant satisfies the organizational test.

Once the organizational test is satisfied, the organization must also show that it satisfies the "operational test." The operational test consists of four elements:

>First, the organization must engage primarily in activities which accomplish one or more of the exempt purposes specified in § 501(c)(3). Second, the organization's net earnings may not inure to the benefit of private shareholders or individuals. Third, the organization must not expend a substantial part of its resources attempting to influence legislation or political campaigns. Courts have imposed a fourth element. Organizations seeking exemption from taxes must serve a valid purpose and confer a public benefit.

*Church of Scientology v. Commissioner,* 823 F.2d 1310, 1315 (9th Cir.1987), *cert. denied,* 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). Only the first element is in contention in this appeal.

*C. Exempt Purpose*

An organization must be operated exclusively for an exempt purpose to qualify for exemption under § 501(c)(3). "An organization will not be so regarded if more than an insubstantial part of its activities is not in furtherance of an exempt purpose." 26 C.F.R. § 1.501(c)(3)-1(c)(1). "[T]he presence of a single

_____

an organization is created." 26 C.F.R. § 1.501(c)(3)-1(b)(v).

[non-exempt] purpose, if substantial in nature, will destroy the exemption regardless of the number or importance of truly [exempt] purposes." *Better Business Bureau v. United States,* 326 U.S. 279, 283, 66 S.Ct. 112, 114, 90 L.Ed. 67 (1945); *Hutchinson Baseball Enter., Inc. v. Commissioner,* 696 F.2d 757, 762 (10th Cir.1982).

Appellant lists its activities, based on percentage of time expended, as follows: "social service, 25%; legal (First Amendment), 20%; TV, broadcasting, 20%; administration, 10%; publishing, 10%; forums, speeches, 5%; classes, training, 5%; and miscellaneous, 5%." The Tax Court found that neither Appellant's social services nor the legal activities (together amounting to 45% of Appellant's activities) qualified as charitable purposes under the § 501(c)(3).[4] The burden is on the Appellant to prove that it is entitled to the exemption. *See Senior Citizens Stores, Inc. v. United States,* 602 F.2d at 713. Therefore, Appellant had the duty to present, during the administrative process, evidence establishing its exempt status. *See Church of Scientology v. Commissioner,* 823 F.2d at 1317.

---

[4]"The term "charitable' is used in section 501(c)(3) in its generally accepted legal sense and is, therefore, not to be construed as limited by the separate enumeration in section 501(c)(3) of other tax exempt purposes which may fall within the broad outlines of "charity' as developed by judicial decisions. Such term includes: Relief of the poor and distressed or of the underprivileged; advancement of religion; advancement of education or science; erection or maintenance of public buildings, monuments or works; lessening of the burdens of Government; and promotion of social welfare by organization designed to accomplish any of the above purposes, or (i) to lessen neighborhood tensions; (ii) to eliminate prejudice and discrimination; (iii) to defend human and civil rights secured by law; or (iv) to combat community deterioration and juvenile delinquency." 26 C.F.R. § 1.501(c)(3)-1(d)(2).

*1. Social Services*

Appellant's primary social service is an alleged telephone counseling line. Appellant claims this line is primarily a clearing house for services, which refers callers to "appropriate government or social service agencies (such as Social Security Administration, Veterans' Department, drug counseling and the like)." The Tax Court found Appellant's explanation of its counseling activities to be insufficient and inconsistent. For example, Appellant submitted two separate documents regarding the number of calls received per month. The first document states the approximate number of calls to be 30, while the second states the approximate number of calls to be in "excess of 100".

Appellant's evidence of its counseling activities consists of a copy from a telephone book listing Appellant's name under the heading of "Community Service Numbers," a one page document entitled "TNM Counseling Guidelines," "recap" (purporting to break down the calls received by type) and Appellant's contention that the majority of calls are fielded by Richard Barrett, "a practicing attorney, with college credits in psychology, education and related fields." Appellant provides no other information as to the training of its counselors, advertising of its services or scope of its counseling. On the record presented, we find that the Tax Court's determination that Appellant's counseling services were not exclusively charitable in nature was not clearly erroneous.

*2. Legal Services*

Once again, Appellant provided very little information to the

IRS regarding its activities. Appellant itself was the interested party in the majority of its litigation. While the precedential value of First Amendment litigation has some collateral benefit which inures to the general public, the primary purpose of the litigation was to advance the interests of the Appellant. On the record presented, we hold that the Tax Court's finding that Appellant's legal activities were not primarily for charitable purposes was not clearly erroneous.

## IV. CONCLUSION

By its own admission, Appellant's social services and legal services jointly comprise approximately 45% of its activities. Having found that neither Appellant's social services nor legal services were primarily for the benefit of the public, the Tax Court properly found as a matter of law that Appellant's non-exempt activities were more than insubstantial.[5] Appellant is therefore not entitled to an I.R.C. § 501(c)(3) exemption.

After a thorough review of the record, we conclude that the Tax Court's holding was not clearly erroneous. The decision of the United States Tax Court is AFFIRMED.

---

[5]Because Appellant's non-exempt social and legal activities are themselves sufficient to defeat exemption, we need not consider Appellant's contention that the methodology test used to evaluate its educational activities is unconstitutional.