132 F.3d 37
 80 A.F.T.R.2d 97-7966, 98-1 USTC P 50,101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald L. ZEIDLER and Joy M. Zeidler, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-4055.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 24, 1997.*
Nov. 26, 1997.
 
 Appeal from the United States Tax Court
 Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.
 
 ORDER
 COUVILLION
 
 1
 Gerald and Joy Zeidler appeal from a decision by the Tax Court disallowing certain deductions they took on their 1990, 1991 and 1992 tax returns. We affirm.
 
 
 2
 The Zeidlers first contend that the Tax Court erred in disallowing their deduction for donations to a choral society to which Mrs. Zeidler belongs Section 170 of the United States Tax Code permits a taxpayer to deduct certain gifts or contributions to entities "organized and operated exclusively for religious, charitable ... or educational purposes." 26 U.S.C. § 170(c)(2)(B); see also Nationalist Movement v. Commissioner, 37 F.3d 216, 219-20 (5th Cir.1992); Danville Plywood Corp. v. United States, 985 F.2d 3, 7 (Fed.Cir.1990) (noting the "strict substantiation requirements" of section 274); Patrician v. Commissioner, 73 T.C.M. (CCH) 2619 (1997) (same). To substantiate their deductions, the Zeidlers provided computer spreadsheets compiled by Mrs. Zeidler at the end of each of the relevant years; the printouts were lists of alleged expenses, unsupported by receipts, bills or other original documentation. The court's factual determination that the Zeidlers failed to produce evidence sufficient to support their deductions is not clearly erroneous. See Anderson v. City of Bessemer City, 470 U.S. 564, 574 (1985); United States v. Wisconsin Light & Power Co., 38 F.3d 1329, 337 (7th Cir.1994). The deduction was correctly disallowed.
 
 
 3
 The Zeidlers claimed straight-line deductions for depreciation on the Sister Bay rental property, acquired from Mrs. Zeidler's parents for the alleged sum of $70,400. The Zeidlers' "proof" of the purchase price consisted in large measure of ambiguous, incomplete and unauthenticated documents, including three checks totaling $4,702, all of which bear notations that the checks are for taxes. This documentation was supplemented by the Zeidler's own oral testimony. The court concluded, "No credible documentary evidence was presented that would satisfy the Court that petitioners paid any amounts to acquire the property." Nonetheless, because the court was satisfied that the Zeidlers held title to the property, that they had incurred some expenditures related to the property, and had provided some basis on which to estimate those expenses, the Tax Court applied the rule first set out in Cohan v. Commissioner, 39 F.2d 540, 543-44 (2d Cir.1930), and estimated depreciation based on the credible evidence presented.
 
 
 4
 The Zeidlers have questioned the depreciation allowance permitted by the Tax Court, but the court was under no obligation to guess or estimate their deductions based on insufficient evidence: without proof, "relief to the taxpayer would be 'unguided largesse.' " Williams v. Commissioner, 67 T.C.M. (CCH) 2185 (1994) (internal quotation and citation omitted); see also Buelow v. Commissioner, 970 F.2d 412, 415-16 (7th Cir.1992); Friedrich v. Commissioner, 925 F.2d 180, 182-84 (7th Cir.1991); Peterson v. Commissioner, 54 T.C.M. (CCH) 808 (1987). Moreover, the court was best situated to assess the credibility of the witnesses and weigh the conflicting evidence concerning the amount paid for the property. A review of the record does not suggest that the court's resolution of the conflict was clearly erroneous.
 
 
 5
 Finally, the Zeidlers raise a number of procedural and jurisdictional issues, only one of which merits comment. They argue that because they have not yet received a tax assessment for the years in question, they are neither liable for their tax deficiencies nor did the Tax Court possess jurisdiction to conduct its proceedings. The Commissioner, however, is prohibited from making, or even beginning, an assessment until the Tax Court's decision has become final. See 26 U.S.C. §§ 6213(a), 7481(a)(2); Hefti v. Internal Revenue Service, 8 F.3d 1169, 1172 (7th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)