**VISION SERVICE PLAN, INC.,**
Plaintiff—Appellant

v.

**UNITED STATES of America,**
Defendant—Appellee.

No. 06–15269.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Jan. 30, 2008.

Martin L. Fineman, Esq., Darya Swingle, Davis Wright Tremaine, LLP, San Francisco, CA, William K. Rasmussen, Esq., Douglas C. Ross, Esq., Laverne Woods, Davis Wright & Tremaine, LLP, Seattle, WA, for Plaintiff–Appellant.

Jennifer A. Giaimo, Esq., Jeremy N. Hendon, Janik, DOJ–U.S. Department of Justice Tax Division, John A. Dudeck, Jr., Esq., Teresa E. Mclaughlin, Esq., DOJ–U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, COWEN,* and HAWKINS, Circuit Judges.

### MEMORANDUM **

Vision Service Plan, Inc. ("VSP") appeals from the grant of summary judg-ment in favor of the United States on VSP's claim that it is a social welfare tax exempt organization pursuant to 26 U.S.C. § 501(c)(4):

VSP is not operated exclusively for the promotion of social welfare because it is not primarily engaged in promoting the common good and general welfare of the community. *See* 26 C.F.R. § 1.501(c)(4)–1(a)(2)(i) ("An organization is operated exclusively for the promotion of social welfare if it is primarily engaged in promoting in some way the common good and general welfare of the people of the community."). While VSP offers some public benefits, they are not enough for us to conclude that VSP is *primarily* engaged in promoting the common good and general welfare of the community. *See, e.g., Monterey Pub. Parking Corp. v. United States,* 481 F.2d 175, 177 (9th Cir.1973) (noting that the district court made a quantitative comparison between the private and public benefits); *see also Comm'r v. Lake Forest, Inc.,* 305 F.2d 814, 818 (4th Cir.1962) (noting that the public benefits of organization were too insubstantial to qualify the organization as exempt under Section 501(c)(4)); *Police Benevolent Ass'n of Richmond v. United States,* 661 F.Supp. 765, 772–73 (E.D.Va.), *aff'd,* 836 F.2d 547 (4th Cir. 1987) (per curiam) (unpublished opinion). Furthermore, VSP's own articles of incorporation state that the primary purpose of the corporation is to establish a fund from payments by subscribers to defray and assume the costs of vision care for those subscribers. This is a purpose that benefits VSP's subscribers rather than the general welfare of the community. *See Contracting Plumbers Co-op. Restoration Corp. v. United States,* 488 F.2d 684, 686–

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

87 (2d Cir.1973) (setting forth several factors to examine in deciding whether an organization qualifies for a Section 501(c)(4) exemption, including the bylaws of the organization).

In light of the fact that VSP is not primarily engaged in promoting the general welfare under 26 C.F.R. § 1.501(c)(4)–1(a)(2)(i), we need not address whether VSP carries on its business with the public in a manner similar to those organizations operated for profit.

**AFFIRMED.**